UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INFODELI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | CASE NO. C17-0281JLR <br><br> ORDER DIRECTING SUPPLEMENTAL BRIEFING |

## I. INTRODUCTION

Before the court is Plaintiff InfoDeli, LLC's motion to compel Defendant Amazon Web Services, Inc.'s ("Amazon") to comply with a subpoena. (Mot. (Dkt. # 2).) For the reasons set forth below, the court orders supplemental briefing from the parties.

## II. BACKGROUND & ANALYSIS

**A. Events Leading to the Instant Motion**

InfoDeli's motion arises from a copyright infringement action currently pending before the United States District Court for the Western District of Missouri ("the

ORDER - 1

Underlying Action"). (*See* Mot. at 1; Rosemergy Decl. (Dkt. # 3) ¶ 1); *InfoDeli, LLC, et al. v. W. Robidoux, Inc., et al.*, No. C15-364BCW (W.D. Mo.), Dkt. # 1. In the Underlying Action, InfoDeli alleges that the defendants have misappropriated computer code that InfoDeli wrote. (*See* Mot. at 2.) InfoDeli further alleges that one of the defendants—Engage Mobile Solutions, LLC ("Engage")—"permanently stored archival versions of code, including infringing code," on Amazon's servers. (*Id.*)

To obtain the allegedly infringing code, InfoDeli served non-party Amazon with a subpoena to produce the archival data Engage allegedly stored on Amazon's servers.[1] (*See id.* at 1-2; Rosemergy Decl. ¶ 5, Ex. 2 (Dkt. # 3-1) ("Subpoena").) The subpoena directed Amazon to produce responsive material no later than September 14, 2016. (Rosemergy Decl. ¶ 6; Subpoena at 7.) On September 19, 2016, Amazon served objections to the subpoena.[2] (Rosemergy Decl. ¶ 9, Ex. 5 ("Obj.").)

After Amazon objected, the parties met and conferred several times between October 2016 and December 2016 in an attempt to effectuate InfoDeli's requests. (*See* Mot. at 3; Rosemergy Decl. ¶ 10.) Nevertheless, on December 16, 2016, Amazon advised InfoDeli that Amazon "intended to stand on its objections to the subpoena" and

---

[1] InfoDeli first served Amazon by email on August 12, 2016. (Mot. at 2; Rosemergy Decl. ¶ 2.) When InfoDeli's counsel followed up with Amazon by email, Amazon informed InfoDeli that Amazon would not accept service by email and directed InfoDeli to serve the subpoena by mail. (Rosemergy Decl. ¶ 4.) Accordingly, on August 30, 2016, InfoDeli served Amazon with the subpoena by certified mail. (*Id.* ¶ 5, Ex. 3.)

[2] Amazon also "produced approximately 300 pages of responsive information including account registration details and records describing [Engage's] account usage history including data transfers by date and size, dating back to January 1, 2014." (Chock Decl. (Dkt. # 14) ¶ 7.) InfoDeli contends that this production is inadequate. (*See* Reply (Dkt. # 21) at 5 n.3.)

"would not be complying with the subpoena." (Mot. at 3; Rosemergy Decl. ¶ 10.) InfoDeli filed its motion to compel on February 21, 2017. (*See generally* Dkt.)

**B.     Amazon's Response**

In response, Amazon asserts that InfoDeli's motion to compel is untimely.[3] (Resp. (Dkt. # 13) at 4-7; Mot. at 1 (filing motion to compel on February 21, 2017); *see also InfoDeli v. W. Robidoux*, Dkt. # 378 at 1 (setting discovery deadline of February 20, 2017). Courts generally deny as untimely motions to compel filed after the close of discovery unless the court's scheduling order sets a different date. *See, e.g.*, *Short v. Equifax Info. Servs. LLC*, No. 3:14-CV-0471-YY, 2016 WL 6683563, at *3 (D. Or. Nov. 14, 2016); *Voter v. Avera Brookings Med. Clinic*, No. Civ. 06-4129-KES, 2008 WL 4372707, at *1 (D.S.D. Sept. 22, 2008) (collecting cases); *David v. Signal Int'l, LLC*, No. 08-1220, 2014 WL 6612598, at *2 (E.D. La. Nov. 19, 2014) (same). In considering whether to allow an untimely motion to compel, courts consider the following factors: (1) how long after the discovery deadline the moving party filed its motion to compel; (2) the amount of time the moving party knew about the discovery; (3) whether the court has previously extended the discovery deadline; (4) the moving party's reason for its delay or tardiness; (5) whether dispositive motions have been filed or scheduled; (6) the age of the case; (7) any prejudice to the party from whom the moving party seeks untimely discovery; and (8) whether the untimely motion disrupts the court's schedule. *See Short*,

//

---

[3] The court does not address at this time the merits of InfoDeli's motion, the merits of Amazon's opposition to the motion, or other issues that the parties raise in those filings.

2016 WL 6683563, at *3; *David*, 2014 WL 6612598, at *3; *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006).

In the Underlying Action, the Honorable Brian C. Wimes stayed discovery on all matters unrelated to InfoDeli's copyright infringement claim. *InfoDeli v. W. Robidoux*, Dkt. # 141 at 5-6 (granting the defendants' motion for "a stay of discovery of all issues that are unrelated to their liability under Count I, for copyright infringement"). Accordingly, Judge Wimes's scheduling orders allowed the parties to conduct discovery related only to InfoDeli's copyright infringement claim. *See id.*, Dkt. ## 49, 151, 206, 281, 297, 327, 378 (scheduling orders). After extending the initial discovery cut-off six times, Judge Wimes issued his final scheduling order related to the copyright infringement phase of the case and ordered that discovery be completed no later than February 20, 2017. *Id.*, Dkt. # 378 at 1.

Nevertheless, InfoDeli contends in its reply brief that its February 21, 2017, motion is "not untimely because the discovery at issue is not solely related to the issue of infringement." (Reply at 8.) InfoDeli also states that the discovery it seeks from Amazon is "relevant to willfulness [and] spoliation" and "was also identified in a Rule 56(d) [d]eclaration as being necessary to respond to a currently pending [m]otion for [s]ummary [j]udgment." (*Id.*) Further, although InfoDeli does not advance this argument in its briefing, Amazon provides an email from InfoDeli's counsel in which InfoDeli contends that it filed its motion to compel one day late because February 20, 2017, fell on a federal holiday—President's Day. (Wigginton Decl. (Dkt. # 16) ¶ 12, Ex. S.)

//

InfoDeli filed its motion to compel one day after the close of discovery, even though Judge Wimes's scheduling order set a date certain—February 20, 2017—for the close of discovery. (*See* Mot. at 1); *cf. Sloan v. Country Preferred Ins. Co.*, No. 2:12-CV-01085-KJD-PAL, 2013 WL 1405852, at *1 (D. Nev. Apr. 4, 2013) ("When the Court specifies a date for a response, the response is not untimely when it is filed on or before that date."). Further, it does not appear that Judge Wimes has lifted the stay on discovery of any of InfoDeli's non-copyright infringement claims. *See InfoDeli v. W. Robidoux*, Dkt. # 141 at 5-6; *id.*, Dkt. # 358. In addition, there is no indication that Judge Wimes has yet ruled on InfoDeli's Rule 56(d) request or otherwise allowed additional discovery. *See id.*, Dkt. # 417-3; *see also* Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows by affidavit [that] it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . ."). Therefore, based on the docket in the Underlying Action, it appears that InfoDeli has filed an untimely motion to compel or attempted to engage in discovery of matters subject to the stay.

**C.     Supplemental Briefing**

The court directs the parties to file simultaneous supplemental briefing on the issue of whether InfoDeli's motion to compel is timely, and if it is untimely, whether the court should nevertheless consider the motion. The parties must limit their supplemental briefing to no more than five (5) pages each and must file the briefing no later than Tuesday, April 18, 2017, at 5:00 p.m. The parties must address the relevant case law on untimely motions to compel, including the factors articulated in this order, and discuss

how the procedural posture of the Underlying Action affects whether the court should consider the merits of the motion to compel. The court will not consider any issues the parties raise that are beyond the scope of the issues raised in this order.

### III. CONCLUSION

For the reasons set forth above, the court ORDERS the parties to file simultaneous supplemental briefing of no more than five (5) pages. The parties' briefs are due no later than Tuesday, April 18, 2017 at 5:00 p.m.

Dated this 11th day of April, 2017.

JAMES L. ROBART
United States District Judge