UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INFODELI, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>                    Defendant. | CASE NO. C17-0281JLR<br><br>ORDER DENYING MOTION TO COMPEL |

## I. INTRODUCTION

Before the court is Plaintiff InfoDeli, LLC's motion to compel compliance with a *subpoena duces tecum*. (Mot. (Dkt. # 2); *see also* Pet. (Dkt. # 1).) Defendant Amazon Web Services, Inc. ("Amazon") opposes the motion. (Resp. (Dkt. # 13); *see also* Answer (Dkt. # 12).) The court has considered the motion, Amazon's opposition to the motion (Resp. (Dkt. # 13)), InfoDeli's reply in support of its motion (Reply (Dkt. # 21)), the parties' supplemental briefing (Amazon Supp. (Dkt. # 27); InfoDeli Supp. (Dkt. # 28)),

//

ORDER - 1

the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES InfoDeli's motion to compel for the reasons set forth below.

## II. BACKGROUND

### A. The Underlying Action

InfoDeli's motion arises from a copyright infringement action currently pending before the United States District Court for the Western District of Missouri ("the Underlying Action"). (*See* Mot. at 1; Rosemergy Decl. (Dkt. # 3) ¶ 1); *InfoDeli, LLC v. W. Robidoux, Inc.*, No. C15-364BCW (W.D. Mo.), Dkt. # 1. In the Underlying Action, InfoDeli alleges that the defendants have misappropriated computer code that InfoDeli wrote. (*See* Mot. at 2.) InfoDeli further alleges that one of the defendants—Engage Mobile Solutions, LLC ("Engage")—"permanently stored archival versions of code, including infringing code," on Amazon's servers. (*Id.*)

In the Underlying Action, the Honorable Brian C. Wimes stayed discovery on all matters unrelated to InfoDeli's copyright infringement claim. *InfoDeli v. W. Robidoux*, Dkt. # 141 at 5-6 (granting the defendants' motion for "a stay of discovery of all issues that are unrelated to their liability under Count I, for copyright infringement"). Accordingly, Judge Wimes's scheduling orders allowed the parties to conduct discovery related only to InfoDeli's copyright infringement claim. *See id.*, Dkt. ## 49, 151, 206, 281, 297, 327, 378 (scheduling orders). After extending the initial discovery cutoff at the

---

[1] InfoDeli requested oral argument for the first time in its reply brief. (*See* Reply at 1; *see also* InfoDeli Supp. at 1.) However, the court determines that oral argument would not be helpful to the court's disposition of the motion and denies InfoDeli's request. *See* Local Rules W.D. Wash. LCR 7(b)(4).

parties' request, Judge Wimes issued his final scheduling order related to the copyright infringement phase of the case and ordered that discovery be completed no later than February 20, 2017. *Id.*, Dkt. # 378 at 1.

**B.    InfoDeli's Subpoena**

To obtain Engage's allegedly infringing code, InfoDeli served Amazon, who is not a party to the Underlying Action, with a subpoena to produce the archival data Engage allegedly stored on Amazon's servers.[2] (*See* Mot. at 1-2; Rosemergy Decl. ¶ 5, Ex. 2 (Dkt. # 3-1) ("Subpoena").) The subpoena directed Amazon to produce responsive material no later than September 14, 2016. (Rosemergy Decl. ¶ 6; Subpoena at 7.) On September 19, 2016, Amazon served objections to the subpoena.[3] (Rosemergy Decl. ¶ 9, Ex. 5 ("Obj.").)

After Amazon objected, the parties met and conferred several times between October 2016 and December 2016 and attempted to compromise on InfoDeli's requests. (*See* Mot. at 3; Rosemergy Decl. ¶ 10.) Nevertheless, on December 16, 2016, Amazon advised InfoDeli that Amazon "intended to stand on its objections to the subpoena" and "would not be complying with the subpoena." (Mot. at 3; Rosemergy Decl. ¶ 10.)

---

[2] InfoDeli first served Amazon by email on August 12, 2016. (Mot. at 2; Rosemergy Decl. ¶ 2.) When InfoDeli's counsel followed up with Amazon by email, Amazon informed InfoDeli that Amazon would not accept service by email and directed InfoDeli to serve the subpoena by mail. (Rosemergy Decl. ¶ 4.) Accordingly, on August 30, 2016, InfoDeli served Amazon with the subpoena by certified mail. (*Id.* ¶ 5, Ex. 3.)

[3] In addition to serving objections, Amazon also "produced approximately 300 pages of responsive information including account registration details and records describing [Engage's] account usage history including data transfers by date and size, dating back to January 1, 2014." (Chock Decl. (Dkt. # 14) ¶ 7.) InfoDeli contends that this production is inadequate (Reply at 5 n.3) and that Amazon's objections were untimely (Mot. at 3).

InfoDeli filed its motion to compel on February 21, 2017. (*See generally* Dkt.) On April 11, 2017, the court ordered the parties to file supplemental briefing addressing the timeliness of InfoDeli's motion. (4/11/17 Order (Dkt. # 25) at 5-6.) The court now analyzes that issue and InfoDeli's motion.

### III. ANALYSIS

The parties first dispute whether InfoDeli's motion to compel is timely and if not, whether the court should nonetheless consider the motion. (Resp. at 4-7; Mot. at 1 (filing motion to compel on February 21, 2017); Reply); *see also InfoDeli v. W. Robidoux*, Dkt. # 378 at 1 (setting discovery deadline of February 20, 2017). After analyzing the issue, the court concludes that InfoDeli's motion is untimely and declines to consider it.[4]

#### A. Legal Standard

"A [third-party] subpoena pursuant to Federal Rule of Civil Procedure 45 . . . is not exempt from discovery deadlines in scheduling orders." *See Dell Inc. v. Acacia Res. Grp. LLC*, No. SA MC 15-00025-JVS (DFMx), 2015 WL 12791389, at *1 (C.D. Cal. Oct. 26, 2015) (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005)). Courts generally deny as untimely motions to compel filed after the close of discovery unless the court's scheduling order sets a different date. *See, e.g.*, *Short v. Equifax Info. Servs. LLC*, No. 3:14-CV-0471-YY, 2016 WL 6683563, at *3 (D. Or. Nov. 14, 2016); *Rogers v. Brauer Law Offices, PLC*, No. CV-10-1693-PHX-LOA,

---

[4] Because the court denies InfoDeli's motion as untimely, the court does not address the merits of the parties' other arguments in support of or opposition to InfoDeli's motion. *See infra* III.B; (*see generally* Resp.; Reply.)

2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting cases); *Voter v. Avera Brookings Med. Clinic*, No. Civ. 06-4129-KES, 2008 WL 4372707, at *1 (D.S.D. Sept. 22, 2008) (same); *David v. Signal Int'l, LLC*, No. 08-1220, 2014 WL 6612598, at *2 (E.D. La. Nov. 19, 2014) (same). Courts determine whether to allow an otherwise untimely motion to compel by considering and balancing the following factors: (1) how long after the discovery deadline the moving party filed its motion to compel; (2) the amount of time the moving party knew about the discovery; (3) whether the court has previously extended the discovery deadline; (4) the moving party's reason for its delay or tardiness; (5) whether dispositive motions have been filed or scheduled; (6) the age of the case; (7) any prejudice to the party from whom the moving party seeks untimely discovery; and (8) whether the untimely motion disrupts the court's schedule. *See Short*, 2016 WL 6683563, at *3; *Rogers*, 2011 WL 3665346, at *4; *David*, 2014 WL 6612598, at *3; *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006). These factors inform whether good cause exists to consider the untimely motion because the "untimely discovery motion . . . , if granted, would necessarily result in a *de facto* modification of the scheduling order." *Rogers*, 2011 WL 3665346, at *4.

**B.     InfoDeli's Motion**

On February 21, 2017, InfoDeli filed this motion to compel Amazon to produce materials responsive to the subpoena. (Mot. at 1.) Amazon argues that the court should deny InfoDeli's motion because InfoDeli filed the motion the day after discovery closed in the Underlying Action. (Resp. at 4-7); *InfoDeli v. W. Robidoux*, Dkt. # 378 at 1. Although InfoDeli acknowledges that infringement-related discovery closed on February

20, 2017, it contends that its February 21, 2017, motion is "not untimely because the discovery at issue is not solely related to the issue of infringement." (Reply at 8.) Rather, InfoDeli argues that the discovery it seeks from Amazon is "relevant to willfulness [and] spoliation" and "was also identified in a Rule 56(d) [d]eclaration as being necessary to respond to a currently pending [m]otion for [s]ummary [j]udgment." (*Id.*; *see also* Haring-Larson Decl. (Dkt. # 29) ¶ 2, Ex. 1 ("Rule 56(d) Decl.").)

In its supplemental briefing, InfoDeli acknowledges that discovery on the copyright infringement issue closed on February 20, 2017, but contends that the discovery is "relevant to other issues for the stayed Defendants and for other issues . . . for which discovery will still be permitted." (*See* InfoDeli Supp. at 2.) InfoDeli characterizes this discovery as being "unquestionably . . . permissible at some point, whether now or later." (*Id.*) Although InfoDeli maintains that the court should rule on the merits of its motion—despite filing the motion after the discovery cutoff and the fact that discovery unrelated to the copyright infringement issue is stayed—InfoDeli suggests that if the court disagrees, the court continue consideration of the motion "until broader discovery reopens" or deny the motion without prejudice so that "it can be renewed at a later time." (*Id.* at 2 n.1.)

1. Timeliness

The court concludes that InfoDeli did not timely file its motion to compel. Rather, InfoDeli filed its motion to compel one day after the discovery cutoff, even though Judge Wimes's scheduling order set a date certain—February 20, 2017—for the close of discovery on the copyright infringement issue. (*See* Mot. at 1); *Sloan v. Country*

*Preferred Ins. Co.*, No. 2:12-CV-01085-KJD-PAL, 2013 WL 1405852, at *1 (D. Nev. Apr. 4, 2013) ("When the Court specifies a date for a response, the response is not untimely when it is filed on or before that date."). In addition, Judge Wimes has not lifted the stay on discovery of any of InfoDeli's non-copyright infringement claims, *see InfoDeli v. W. Robidoux*, Dkt. ## 141 at 5-6, 358, or ruled on InfoDeli's Rule 56(d) request, *see id.*, Dkt. # 417-3; *see also* Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows by affidavit [that] it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . .").[5] For these reasons, the motion is untimely.

    2. <u>Consideration of the Merits</u>

The court considers whether it should nevertheless reach the merits despite the untimeliness of the motion to compel. *See, e.g.*, *Short*, 2016 WL 6683563, at *3. The court concludes that the balance of factors weigh in favor of denying InfoDeli's motion to compel.

    *a. Length of Time*

The first two factors the court considers are (1) how long after the discovery deadline the moving party filed its motion to compel and (2) the amount of time the

---

[5] InfoDeli cites *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006) for the proposition that a motion to compel is not untimely where the moving party's counsel identifies the discovery sought in a Rule 56(d) affidavit. (*See id.* at 3.) However, the Ninth Circuit stated that if the moving party had sought to "compel discovery only after the deadlines for discovery or submission of dispositive motions had passed," it may be appropriate to rule on a motion for summary judgment without allowing the additional discovery. *Clark*, 460 F.3d at 1178-79; *see also id.* at 1178 (citing *Garrett v. City & Cty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) ("[S]ummary judgment should not be granted while the opposing party timely seeks discovery of potentially favorable information.").

moving party knew of the discovery. *Short*, 2016 WL 6683563, at *3; *Rogers*, 2011 WL 3665346, at *4. The court finds that the first factor tips in InfoDeli's favor and the second factor tips slightly against InfoDeli.

InfoDeli argues that "the time after the close of discovery before the filing was minimal." (InfoDeli Supp. at 4.) The court agrees that the delay was minimal because InfoDeli filed its motion only one day after the discovery cutoff. This short length of time militates in favor of considering InfoDeli's motion to compel despite its untimeliness.

As to the second factor, the parties agree that InfoDeli knew of the discovery it seeks from Amazon well in advance of bringing its motion to compel. (*See id.* at 5-6 (stating that InfoDeli first sought this discovery in August 2016); Amazon Supp. at 3 (stating that InfoDeli first knew of this discovery in April 2016 at the earliest and December 2016 at the latest).) InfoDeli contends that it delayed moving to compel because its counsel "spent several months diligently attempting to secure Amazon's compliance in an effort to avoid engaging the resources of this [c]ourt." (InfoDeli Supp. at 5.) Amazon, on the other hand, argues that even though InfoDeli knew that Amazon intended to stand on its objections, InfoDeli waited more than two months to file this motion. (Amazon Supp. at 3.)

The court concludes that this factor tips slightly in favor of declining to consider the motion. InfoDeli knew of the discovery it sought from Amazon in August 2016 at the latest, received Amazon's objections on September 19, 2016, and knew by December 2016 that Amazon did not intend to relent in its objections. (*See* Subpoena; Rosemergy

Decl. ¶¶ 9-10.) Accordingly, InfoDeli could have moved to compel Amazon's compliance earlier than February 21, 2017. However, the court recognizes that InfoDeli attempted to address Amazon's concerns and avoid unnecessarily utilizing the court's resources. (*See* Rosemergy Decl. ¶ 10.) The court therefore finds that this factor tips only slightly in favor of declining to consider the motion.

        *b. Impact on the Court's Schedule*

The third, fifth, sixth, and eighth factors examine the impact of the late motion on the court's schedule. Specifically, these factors address whether the discovery deadline has been extended, whether dispositive motions have been scheduled or filed, the case's age, and whether the untimely motion will disrupt the court's schedule. *Short*, 2016 WL 6683563, at *3; *Rogers*, 2011 WL 3665346, at *4.

InfoDeli argues that these factors are "largely inapplicable" because the court "is not presiding over" the Underlying Action. (InfoDeli Supp. at 5.) InfoDeli contends that considering the motion will have no impact on the court's docket because the court would be considering only a "single, discrete issue." (*Id.*) Amazon argues that these factors disfavor InfoDeli because a ruling on the merits of the motion will affect the court's docket in the Underlying Action. (*See* Amazon Supp. at 4-5.)

The court agrees that the proper focus of these factors is the impact the late-filed motion will have on the Underlying Action. *See Dell*, 2015 WL 12791389, at *2 ("Given Judge Schroeder's deadlines [in the underlying proceeding], the Court is unable to find a basis for any conclusion but that it is unable to hear Dell's motion to compel."). Although considering the motion to compel may only minimally impact this court's

docket, the discovery InfoDeli seeks will likely have a significant effect on the Underlying Action. When viewing these factors in terms of the Underlying Action, the court concludes that all four factors militate sharply against InfoDeli.

Judge Wimes issued seven scheduling orders and ultimately extended the discovery cutoff to February 20, 2017. *See InfoDeli v. W. Robidoux*, Dkt. ## 49, 151, 206, 281, 297, 327, 378. The court finds that these repeated extensions counsel against considering a discovery motion that may further impact timely resolution of the Underlying Action. In addition, the court may not alter Judge Wimes's scheduling order and reopen discovery in a case pending before him. *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-cv-01277-JAD-NJK, 2015 WL 4918065, at *6 (D. Nev. Aug. 18, 2015) ("The Court can think of few intrusions more disruptive to the issuing court's ability to manage the underlying litigation than an order from this Court that may well impact the ability of the case to move forward in the District of Arizona on the timetable preferable to Judge Holland."); *Dell*, 2015 WL 12791389, at *2 ("[I]t is for Judge Schroeder and not this Court to determine whether good cause exists to allow the filing of [a] motion [to compel after the deadline]."). This factor therefore tips against considering the motion.

Second, at the time InfoDeli filed the motion to compel, Judge Wimes had already set a dispositive motions deadline. Although that deadline did not pass until March 2, 2017, this factor nonetheless tips against InfoDeli. *See InfoDeli v. W. Robidoux*, Dkt. # 378. InfoDeli should have been aware that its motion before this court would not be ripe for decision by the time the Underlying Action's dispositive motions deadline had passed. *See* Local Rules W.D. Wash. LCR 7(b)(5), (d) (stating that the court endeavors

to decide all motions within 30 days of their noting dates and instructing on noting dates for motions).

Third, the age of this case militates against considering the motion. InfoDeli instituted the Underlying Action on May 12, 2015. *See InfoDeli v. W. Robidoux*, Dkt. # 1. Not only has the case been pending for quite some time, but the copyright infringement portion of the case is at a late stage. *See, e.g.*, *id.*, Dkt. ## 393, 397, 398 (pending summary judgment motions). Accordingly, the age of this case supports declining to consider the motion.

Finally, the court finds that InfoDeli's untimely motion to compel could potentially disrupt the Underlying Action. As the court previously noted, discovery closed on February 20, 2017, and several dispositive motions on the copyright infringement claim are currently pending. *See id.*, Dkt. ## 49, 151, 206, 281, 297, 327, 378, 393, 397, 398. Absent a decision by Judge Wimes to grant InfoDeli's Rule 56(d) request with respect to Amazon or to otherwise reopen discovery, this court's ruling on the motion to compel could disrupt the schedule in the Underlying Action. This factor therefore tips against considering the motion.

For these reasons, the court concludes that the third, fifth, sixth, and eighth factors—which address whether the motion to compel affects the court's schedule—tip sharply against ruling on the merits.

       *c. Reason for the Delay*

The fourth factor addresses why the moving party delayed in seeking to compel the discovery. *Short*, 2016 WL 6683563, at *3; *Rogers*, 2011 WL 3665346, at *4.

InfoDeli contends that it delayed filing its motion because of a mistaken belief that it had an extra day because February 20, 2017, was a federal holiday. (InfoDeli Supp. at 4.) The court agrees that InfoDeli's misreading of Federal Rule of Civil Procedure 6 lacked bad faith and concludes that InfoDeli's mistake supports considering the motion.[6]

    *d. Prejudice to Amazon*

The seventh factor asks whether an order compelling discovery would prejudice the party from whom discovery is sought. *Short*, 2016 WL 6683563, at *3; *Rogers*, 2011 WL 3665346, at *4. Amazon argues that such an order would be prejudicial because "any 'urgency' at this stage is self-created by InfoDeli." (Amazon Supp. at 5.) InfoDeli contends that nothing about the timing of its motion prejudices Amazon. (InfoDeli Supp. at 6.)

The court agrees with InfoDeli. Amazon's general and vague statement that InfoDeli's urgent need for the discovery will potentially prejudice Amazon is insufficient. Accordingly, this factor tips in InfoDeli's favor.

    *e. Balance of the Factors*

The court concludes that the balance of the factors supports denying InfoDeli's motion. The first, fourth, and seventh factors tip in InfoDeli's favor, the second factor

---

[6] In the Underlying Action, InfoDeli moved to sanction Engage for failing to produce discovery by the February 20, 2017, deadline, and Judge Wimes sanctioned Engage for its failure. *InfoDeli v. W. Robidoux*, Dkt. ## 354, 382 ("Engage was instructed to produce certain categories of evidence by a particular date, and by its own admission, failed to do so."). Accordingly, it is not entirely clear whether InfoDeli truly believed that it could bring a motion to compel after the February 20, 2017, deadline. However, in light of the lack of affirmative bad faith, the court credits InfoDeli's representation.

tips slightly against InfoDeli, and the third, fifth, sixth, and eighth factors tip sharply against InfoDeli. In reaching this conclusion, the court affords significant deference to Judge Wimes's management of his docket. Accordingly, the court denies InfoDeli's motion to compel.[7]

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES InfoDeli's motion to compel (Dkt. # 2).

Dated this 21st day of April, 2017.

JAMES L. ROBART
United States District Judge

---

[7] The court's ruling does not preclude InfoDeli from bringing another motion to compel should Judge Wimes order further discovery on the copyright infringement claim or lift the discovery stay such that InfoDeli may seek discovery relevant to InfoDeli's other claims. *See supra* n.4.